UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:23-CV-282-M-KS

| | | |
|---|---|---|
| KENYADER BRAKE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on Defendant's motion to stay discovery, the motion having been referred to the undersigned by Chief United States District Judge Richard E. Myers II for disposition pursuant to 28 U.S.C. § 636(b)(1)(A). Plaintiff does not oppose Defendant's motion. For the reasons stated below, Defendant's motion to stay is granted.

## BACKGROUND

Plaintiff Kenyader Brake brought this civil action against the United States of America pursuant to the Federal Tort Claims Act, 28 U.S.C. §§ 2671-2680, (FTCA) for damages allegedly sustained when his vehicle was struck during the United States Marshals Services' high-speed pursuit of a fugitive.

Defendant has moved to dismiss Plaintiff's complaint asserting, *inter alia*, lack of subject matter jurisdiction. (Dfs.' Mem. Supp. Mot. Dismiss [DE #10] at 3-16.) Specifically, Defendant argues that Plaintiff's claim is subject to the discretionary function exception to the FTCA's waiver of sovereign immunity.

## DISCUSSION

"Whether to stay a case is a decision made in the exercise of discretion by the district court as part of its inherent power to control its own docket." *Westfield Ins. Co. v. Weaver Cooke Const., LLC*, No. 4:15-CV-169-BR, 2017 WL 818260, at *2 (E.D.N.C. Mar. 1, 2017) (quoting *Sam Yang (U.S.A.), Inc. v. ENI Dist, Inc.*, No. 1:16-CV-2958-JKB, 2016 WL 7188447, at *1 (D. Md. Dec. 12, 2016)). Whether to grant or deny a motion to stay proceedings calls for an exercise of judgment in weighing the various, competing interests of the parties to an expeditious and comprehensive disposition of all claims. *United States v. Georgia Pac. Corp.*, 562 F.2d 294, 296 (4th Cir. 1977) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)).

Factors that may be considered in deciding whether to stay an action include the length of the requested stay; any hardship to the moving party if the action is not stayed; potential prejudice to the non-movant; and interests of judicial economy, including the potential avoidance of duplicative litigation. *United States ex rel. Aarow Elec. v. Cont'l Cas. Co.*, No. 1:16-CV-3047-ELH, 2017 WL 3642957, at *6 (D. Md. Aug. 24, 2017); *see also Westfield Ins. Co.*, 2017 WL 818260, at *2 (quoting *Sam Yang (U.S.A.), Inc.*, 2016 WL 7188447, at *3). Where a party seeks to stay discovery pending resolution of a dispositive motion, "[f]actors favoring issuance of a stay include the potential for the dispositive motion to terminate all the claims in the case or all the claims against particular defendants, strong support for the dispositive motion on the merits, and irrelevancy of the discovery at issue to the dispositive motion." *Yongo v. Nationwide Affinity Ins. Co. of Am.*, No. 5:07-CV-94-D, 2008 WL

2

516744, at *2 (E.D.N.C. Feb. 25, 2008) (quoting *Tilley v. United States*, 270 F. Supp. 2d 731, 735 (M.D.N.C. 2003)).

The balance of factors here weighs in favor of a stay of discovery. Defendant's motion to dismiss has the potential to terminate the prosecution of this action. Discovery does not appear necessary to the resolution of Defendant's motion, and no claim of potential prejudice has been lodged by Plaintiff.

## CONCLUSION

In the interests of justice, the court GRANTS Defendant's motion [DE #13] and STAYS discovery in this matter pending resolution of Defendant's motion to dismiss [DE #9].

A Case Management Order setting forth discovery deadlines and pretrial procedures will be entered upon the court's disposition of Defendant's motion to dismiss, if appropriate. Within fourteen (14) days after the court's ruling on Defendant's motion to dismiss, the parties shall confer and submit, if appropriate, a Rule 26(f) report and discovery plan for the court's consideration.

This 18th day of September 2023.

*Kimberly A. Swank*
KIMBERLY A. SWANK
United States Magistrate Judge